AMERICAN LOAN & TRUST CO. *v.* EAST & WEST R. CO. *et al.*

(*Circuit Court, N. D. Alabama, S. D.* January 11, 1889.)

1. RAILROAD COMPANIES—MORTGAGES—FORECLOSURE—PLEA OF LIS PENDENS.
   Intervenor filed a bill against a railway company to have his judgment, based on his claim for building parts of the road, declared a first lien on portions of the road, for an accounting of the valid indebtedness of the company, and for foreclosure of deeds of trust given by the company. Complainant, as trustee under the deeds of trust, demurred to intervenor's bill, and afterwards filed a bill to foreclose the deeds of trust. The suits were consolidated by order of court, and the parties called complainant and intervenor, respectively. The intervenor filed a plea of *lis pendens* to complainant's bill. *Held* that, aside from the order of consolidation, the plea was insufficient, because, although intervenor asked for an account and marshaling of assets and foreclosure of some deeds of trust, yet there could be no foreclosure under intervenor's bill unless complainant filed a cross-bill for that purpose.

2. SAME—FOREIGN CORPORATIONS—CONTRACTS.
   Under Const. Ala. art. 14, § 4, providing that no "foreign corporation shall do any business in this state without having at least one known place of business, and an authorized agent," though the complainant, a trust company of New York, does business in Alabama without having a known place of business or authorized agent, its contracts made in the state, and relating to Alabama property, are not void, but voidable, and a plea in bar to complainant's foreclosure suit, based on such constitutional provision, is insufficient.

In Equity. On demurrer and pleas.

*Crane, Ludlow & Fowler*, for complainant.

*Webb & Tillman,* for intervenor.

PARDEE, J. On the 13th of March, 1888, James W. Schley, a citizen of Georgia, brought his bill against the East & West Railroad Company of Alabama, and the American Loan & Trust Company *et al.*, and therein complained that he had been a contractor for the building of certain portions of the line of the East & West Railroad Company of Alabama, and that for the amount due him on the construction of a certain portion of the line he had recovered a judgment against said railroad company in the circuit court of Cherokee county, Ala., for the sum of $13,760 and costs of suit; that said judgment was wholly due and unpaid; that said railroad company was insolvent; and that complainant was unable, by process of execution, to collect his judgment. He further averred that in and about the construction of its line, and the maintenance thereof, the said East & West Railroad Company of Alabama had contracted and issued a bonded indebtedness for about $1,100,000, known as the "First Mortgage Bonds" of said railroad company, which said bonds were se-

cured by a first mortgage or deed of trust on its said road-bed, right of way, franchises, and all other property which belonged to said company, conveying the same to said American Loan & Trust Company, as a trustee for the holders of said bonds, and that the said bonds, so secured, were issued and negotiated in the state of New York; and that afterwards, for purposes and uses not known to the complainant, the said East & West Railroad Company of Alabama had issued and negotiated about $500,000 of what is known as "Debenture Bonds," secured by a second mortgage or deed of trust to the same trustee, some of which were negotiated; and that the entire bonds of the said railroad company, including both the aforesaid issues, on the 19th day of February, 1887, amounted to $1,600,000; that on or about the 19th day of February, 1887, the said railroad company issued its consolidated bonds at the rate of $15,000 a mile, and executed a deed of trust upon all its property to the said American Loan & Trust Company, which said bonds were to be deposited with the said trust company, to be certified and delivered to said railroad company only at the rate of $15,000 per mile of road, as the same shall be completed and ready for operation.   It is further averred in said bill that, after the issue of the said consolidated bonds as aforesaid, the East & West Railroad Company gave in exchange consolidated bonds for the aforesaid debenture bonds, and that the said debenture bonds, for reasons in said bill stated, were without consideration, illegal and void, and constituted no part of the valid indebtedness of said railroad company, and that the consolidated bonds given in exchange were also illegal and void.   The relief sought by the bill was that an account be taken by the court of the valid indebtedness of said railroad company on its said bonds and mortgages, and upon complainant's judgment; that complainant might be decreed to have a first lien upon a certain portion of the railroad line; that said deed of trust, without specifying which one, might be foreclosed for the satisfaction and payment of the debts secured thereby, except such bonds as were illegally issued; for a receiver pending the litigation; and for general relief.   To this bill the American Loan & Trust Company, specially appearing for the purpose, filed a demurrer to the jurisdiction of the court.   Afterwards, on the 7th day of July, complainant filed an amendment to his bill.   This amendment set forth that one Amos G. West, who had been made a party to the original bill as a holder of some of the bonds charged to be illegal, was not a necessary party to the suit; and that, inasmuch as he resided in the state of Georgia, in which state the complainant resided, his presence challenged the jurisdiction, and prayed for dismissal as to West, Upon this the American Loan & Trust Company renewed its demurrer. Afterwards the American Loan & Trust Company brought its bill in this court against the East & West Railroad Company of Alabama for the foreclosure of the first consolidated trust deed and mortgage, granted by the East & West Railroad Company of Alabama, and to this bill James W. Schley, Joel Brown, and S. I. Stevens were joined as parties defendant, on the ground that they claimed an interest in, or liens upon, the railroad company's property.   Complainant alleged default in the pay-

ment of interest, the necessary request of bondholders to bring suit for foreclosure, the insolvency of the company, and also prayed for a receiver. Upon notice, the application for a receiver came on to be heard before the circuit judge. After hearing, all the proper parties being before the court, the court of its own motion directed and ordered "that the suit of James W. Schley against the said East & West Railroad Company of Alabama *et al.*, pending in this court, be, and the same is hereby, consolidated with the suit of the American Loan & Trust Company, complainant, against the East & West Railroad Company of Alabama *et al.*, without prejudice, however, to the rights of the defendants in suit of Schley against the railroad company to raise any jurisdictional questions now present in the record of such suit; that in such consolidated cause the American Loan & Trust Company shall be the complainant, and the said East & West Railroad Company of Alabama, defendant; and the said Schley shall stand therein as an intervenor, and his pleadings heretofore shall be taken as pleadings sufficient for such purpose in said consolidated case." Thereupon, on leave of the court, defendant Schley filed two pleas,—one of *lis pendens;* the other in bar of the suit. By consent of counsel the said two pleas of Schley and the demurrer of the American Loan & Trust Company to Schley's bill have been submitted to the circuit judge on briefs, and are now for decision.

1. The demurrer of the American Loan & Trust Company to Schley's bill being on the ground that the court was without jurisdiction of the American Loan & Trust Company at the time of the commencement of the suit, however good when filed, seems now to fall by the order of consolidation, and the fact that the American Loan & Trust Company has voluntarily appeared; in fact, counsel for the trust company take this view of the matter, and ask leave to withdraw the demurrer.

2. The same result seems to follow with regard to the plea of *lis pendens* filed by Schley to the foreclosure bill. It is doubtful, however, whether this plea would be sufficient if the order of consolidation had not been made. It is true that Schley, in his bill for an account and marshaling of liens, prays for a foreclosure of some deed of trust after an account shall be taken as to the valid outstanding bonds; but it is difficult to see what right he would have to a foreclosure of a mortgage in which he had no title. Besides this, although the foreclosure was prayed for by Schley, no such foreclosure could be had in his suit, unless the trust company had seen fit to ask it by way of cross-bill. When a cross-bill is necessary to the defense of a party, he must file it to establish his defense. When a cross-bill is necessary to bring the parties before the court in order that equity may be done, the court may order one filed; but where a party is merely entitled to a cross-bill in order to obtain affirmative relief, he may or may not file it, at his discretion, and without prejudice to his rights.

3. The plea in bar filed by Schley is based on section 4, art. 14, of the constitution of Alabama, as follows:

"No foreign corporation shall do any business in this state without having at least one known place of business, and an authorized agent or agents

therein; and such corporation may be sued in any court where it does business, by service of process upon an agent anywhere in this state."

This plea does not aver specifically that the American Loan & Trust Company is doing business in the state of Alabama, but avers that it is a foreign corporation, has accepted the trust from the East & West Railroad Company of Alabama, and has no known place of business nor authorized agent within the state; the inference seeming to be that the said company is doing business in this state, because it has accepted the trust under the trust deeds issued by the East & West Railroad Company. It is to be doubted very much whether the transaction of its legitimate business in the city and state of New York, on the part of the American Loan & Trust Company, is doing business in Alabama, in the sense of the constitutional article, when it accepts a trust thereafter on a contingency to be executed in Alabama. The provisions of the trust deed, which is made the basis of the foreclosure suit, do not indicate that any business is to be transacted in Alabama by the trustee, unless default shall be made in the payment of interest, as provided by the trust deed. In case of default, the trust deed provides several lines of procedure upon the part of the trustee in the execution of his trust. One is that the said trustee may enter into possession of the said railway line and property, and manage and operate the same for the account of the bondholders, and apply the proceeds of such management to the payment of interest on the mortgage debt. Perhaps, if this provision of the trust deed should be acted upon, and the trust company should take possession of the railway line and operate the railway, the trust company would then be doing business in Alabama, and would then be compelled, in compliance with the constitutional article, to provide at least one known place of business and one authorized agent. Another provision of the deed of trust is that, on default in the payment of interest, and on the petition of bondholders, the trustee shall bring a suit to foreclose the trust deed. Such suit is the one brought by the trust company in this cause. Merely bringing a suit in the circuit court of the United States in the state of Alabama for foreclosure of a mortgage cannot be said to be doing business in the state of Alabama in any such sense as to require an agent, other than a solicitor, or any known place of business. However this may be, the question submitted by this plea is decided adversely to the pleader by the jurisprudence of Alabama, as declared in the supreme court of the state. In the case of *Sherwood* v. *Alvis*, 83 Ala. 115, 3 South. Rep. 307, it is held upon principle and authority that, although a foreign corporation does business in Alabama without having at least one known place of business or authorized agent or agents therein, that its contracts made in the state of Alabama, and relating to Alabama property, are not void, even if voidable, by reason of the constitutional provision aforesaid. If the deed of trust granted by the East & West Railroad Company of Alabama in favor of the American Loan & Trust Company is not void, there can be no good reason why the said trust company may not bring suit to foreclose the deed of trust. An order will be entered in this case permitting the American Loan & Trust Company

to withdraw its demurrer to Schley's bill on payment of costs; if not so withdrawn, then to be overruled with costs; and declaring the said plea in abatement and plea in bar filed by Schley to the bill of the American Loan & Trust Company to be insufficient, and that they be overruled, with costs.