## CHAS. WOLFF PACKING CO. v. FIELD.

Circuit Court of Appeals, Fifth Circuit. October 23, 1928.

No. 5309.

J. L. Drennen, of Birmingham, Ala., and Ross Blackmon, of Anniston, Ala., for appellant.

John D. Bibb and H. H. Evans, both of Anniston, Ala., for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was an action brought by the appellee in June, 1927, against the appellant, which was referred to in the complaint as a foreign corporation. Returns made by the marshal showed that process in the suit was executed by serving a copy of the summons and complaint, by handing a copy thereof to E. P. Allen, agent for appellant, at a named place of business of appellant, and by serving a copy thereof "on John Brandon, Secretary of State, Montgomery, Ala., by leaving a copy with his chief clerk at state capitol." The appellant filed a motion to quash the service of the summons and complaint, and a plea which alleged: That "at the time of the service of process in this cause on E. P. Allen as an alleged agent of the defendant, and upon the Secretary of State of Alabama, * * * and continuously down to the time of the filing of this plea, and during the time of the transactions alleged in the complaint was such nonresident of the State of Alabama, and was doing no business whatever in the State of Alabama during such time, and up to the time of the filing of this plea, and that the said E. P. Allen did not act for nor represent this defendant in any of the transactions involved in this suit."

The bill of exceptions shows that, on the hearing on the motion to quash the service of process and on the plea, "there was introduced, considered by, and submitted to the court" an affidavit of E. P. Allen, a certified copy of a certificate filed, in compliance with the requirements of the Alabama statute as to foreign corporations doing business in the state (Code Ala. 1923, § 7209 et seq.), by appellant in the office of the secretary of state of Alabama on February 28, 1924, designating its named known place of business in Alabama, and as its authorized agent thereat E. P. Allen, and a certificate of the secretary of state of Alabama, dated September 26, 1927, showing that E. P. Allen was so designated as appellant's agent, "and that the records of the office disclose that E. P. Allen is still the statutory agent in Alabama for the" appellant. The affidavit of Allen indicated that appellant had been engaged in business in Alabama, but contained no statement indicating that appellant had ceased to transact business in Alabama at the time of the questioned service of process in this case, and, so far as appears, there was no evidence showing that appellant had ceased to do business in Alabama when that service of process was made. The plea and motion to quash were overruled and denied. A reversal is sought because of that ruling.

The above-mentioned plea presented no issue as to Allen being an agent of the appellant, authorized to receive service of process against it, at the time the process in this suit was served on him. The averments of that plea do not indicate a purpose to question the sufficiency of the service on the secretary of state, if appellant was doing business in Alabama when that service was made. The record does not show that the motion to quash suggested any ground of attack on the service of process other than those stated in the plea. The only allegations of the plea relied on as furnishing any support for the attack on the validity of the service of process were those to the effect that appellant was not doing business in Alabama when the questioned service was made. The record does not show that any evidence in support of those allegations was adduced. Evidence adduced showed that prior to such service appellant had been engaged in business in Alabama. There being such evidence, and an absence of any evidence showing that appellant had discontinued the transaction of business in Alabama prior to the time of the questioned service of process, it was not incumbent on the court to conclude that the allegations to the effect that appellant was not doing business in Alabama when the process in this case was served were sustained. The action of the court with reference to the above-mentioned motion and plea is sustainable on the ground that material allegations of the motion and plea were not supported by the evidence adduced. We conclude that the ruling complained of was not erroneous.

The judgment is affirmed.