R. L. WITTERS ASSOCIATES, Inc., v. EBSARY GYPSUM CO.

No. 2446–M.

District Court, S. D. Florida, Miami Division.

June 14, 1937.

Boone & Boone, of Miami, Fla., for plaintiff.

Herbert U. Feibelman, of Miami, Fla., for defendant.

HOLLAND, District Judge.

This suit was instituted in the circuit court of the Eleventh judicial circuit in and for Dade county, Fla., and has been removed to this court.

The questioned service of process was effected in Duval county, Fla., on April 1, 1937, upon the corporation company as resident agent for the said defendant.

The motion to quash said service was filed by the defendant, specially appearing, with three grounds raising the issue as to the attempted service upon the said defendant's statutory agent for the service of process in Florida, when it is alleged the defendant was not transacting business in the State of Florida at the time of said service. The defendant appointed its statutory agent in Florida on July 10, 1935, under the provisions of chapter 11829, Gen. Acts, Laws of Florida, 1927 Session. The motion is supported by an attached affidavit.

The plaintiff has filed an answer to the motion to quash, putting in issue the material matters contained in the motion.

The defendant has filed a written motion praying a continuance of the hearing which the plaintiff set down for disposition by the court of the said motion to quash.

By the answer to the motion, it may be well said that the issue of fact raised by the motion to quash precludes a consideration of the legal sufficiency, and that the court should alone determine the discretionary matter of granting a continuance. I have concluded, however, to consider the legal sufficiency of the motion.

 The Florida statute requiring the designation by a foreign corporation doing business in Florida of a local agent for service of legal process pertains as its terms clearly imply only to intrastate matters. While continuance of the factual situation which impelled the defendant corporation to comply with the statute may be presumed, it is subject to rebuttal proof, and if the defendant corporation had withdrawn from doing business in the State of Florida at the time of the service of process in this suit, and such withdrawal was not for the purpose of defeating the plaintiff of its attempted service herein, such service would in my opinion be ineffectual in this action.

The case of People's Tobacco Co., Ltd., v. American Tobacco Co., 246 U.S. 79, text 88, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas. 1918C, 537, would indicate this is a proper conclusion. A statute of Louisiana was there under discussion. The United States Supreme Court followed a construction of a service statute as made by the Supreme Court of Louisiana. Gouner v. Missouri Valley B. & I. Co., 123 La. 964, 49 So. 657.

While I have not seen a decision of the Supreme Court of Florida likewise construing the Florida statute, yet the ruling of the Tobacco Company Case above cited is quite persuasive.

The Fifth Circuit Court of Appeals has held a similar situation in Chas. Wolff Packing Co. v. Field, 28 F.(2d) 604, 605.

The question of withdrawal, but with quite dissimilar facts, was before the court in Western Grocer Co. v. New York Oversea Co. (D.C.) 296 F. 269.

The observations of Mr. Justice Brewer in Mutual Reserve Fund Life Association v. Phelps, 190 U.S. 147, text 158 and 159, 23 S.Ct. 707, 47 L.Ed. 987, may well be read in connection with the instant case.

648

Plaintiff contends that the bringing of the chancery and law actions, out of which this suit grew, amounts to doing business in the State of Florida so as to defeat, without the necessity of evidence, the defendant in its motion. With this the court cannot agree. See American Loan & Trust Co. v. East & West R. Co. (C.C.) 37 F. 242; The Silverway (D.C.) 14 F.(2d) 154, 155.

The motion for continuance should be granted, and on motion a day will be set for hearing further evidence on the motion to quash.