PER CURIAM.
This is an interlocutory appeal by the defendant, Zucad Realty Corporation, from an order denying its motion to quash and dismiss. The parties will be referred to as in the trial court. The facts as shown by the record and briefs are as follows.
On March 12, 1965, the plaintiff filed suit against the defendant, a New York corporation, to recover a real estate commission claimed to be due him. Process was served on a person who had been designated as the resident agent when the defendant corporation obtained its permit to do business in the State of Florida.
The defendant corporation moved to dismiss and quash on the grounds of lack of jurisdiction over the person, insufficiency of process, insufficiency of service of process due to the withdrawal of the corporation from the State of Florida as authorized by law, and that the attorney upon whom process was served was no longer its resident agent. In support of its motion, defendant corporation filed an affidavit from its attorney that it had surrendered its permit to do business and filed a Certificate of Withdrawal on March 5, 1965, together with a letter dated March 5, 1965 from the office of the Secretary of State, acknowledging receipt of the withdrawal of defendant corporation to do business in Florida and its check for Five Dollars, and stating that the receipt had been filed as of that date.
The plaintiff states that on February 3, 1965, prior to the attempted withdrawal of the corporation, his attorney had written to Sam Adler, a principal of the defendant corporation, claiming a real estate commission allegedly due him, and a copy of this letter was sent to the attorney for the defendant corporation. It does not appear, however, that this letter was properly before the trial court.
The record before the trial court did not conclusively show that there had been an effective withdrawal of the defendant corporation from this State so as to preclude service of process on its named resident agent.
In this cause, the self-serving affidavit and the letter from the Secretary of State acknowledging receipt and filing of the Certificate of Withdrawal by itself did not constitute sufficient evidence of a legal withdrawal from doing business in the State of Florida so as to invalidate the service of process.
The decision of the trial court is therefore
Affirmed.