LILES, Judge.
Appellants, defendants below, bring interlocutory appeal from an order denying their motion to dismiss for lack of jurisdiction and insufficiency of process.
Plaintiff brought an action at law against defendants for a real estate commission. Defendants, non-residents of Florida, were served pursuant to the provisions of §§ 47.16 and 47.30, Fla.Stats., F.S.A. Plaintiff’s amended complaint alleged in part:
“3. That during the times set forth within this complaint the defendants were and are at the present conducting the business of purchasing and reselling real property situated in Collier County, Florida.
"4. That the Official Records of Collier County, Florida, pertinent copies of which are attached hereto as Exhibits ‘A’ through ‘H’ and made a part of this complaint, establish that during the period from January 29, 1965 through February 25, 1966, the defendants purchased nine (9) Collier County residential building sites. That during this same period the defendants sold eight (8) Collier County residential building sites plus the additional sale of a tract of land comprising about forty (40) acres.
“5. That during the period of time in which the defendants were engaging in the real estate transactions set forth in paragraph four, Count I, the Defendants were the owners of and placed for sale certain property located in Collier County, Florida * * *. [Legal description omitted.]
“6. That by such purchase and resale of Collier County, Florida real property the Defendants are carrying on a business or business venture within the State of Florida as contemplated by Section 47.16, Florida Statute, F.S.A.”
Plaintiff’s amended complaint goes on to allege that plaintiff is seeking a commission on the sale of the property described in Paragraph 5 of the complaint.
Defendants filed a motion to dismiss the cause for lack of jurisdiction and insufficiency of process. They submitted an affidavit to the effect that they bought the property for their future use as a retirement home building site but decided against using the site. The affidavit also alleged that at no time had the subject property been held as a business or business venture. Plaintiff filed no affidavit in support of his allegation as to defendants’ business activities.
The trial court denied defendants’ motion to dismiss, stating that defendants’ actions amounted to a “business or business venture” within the meaning and intent of §§ 47.16 and 47.30, Fla.Stats., F.S.A.
It may well be that the allegations in plaintiff’s complaint as to defendants’ activities described in paragraphs 3 and 4, quoted above, are sufficient, at least for purpose of a motion to dismiss, to show that defendants were “doing business” or conducting a “business venture” within the meaning of §§ 47.16 and 47.30, Fla.Stats., F.S.A. See, Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla.1957) ; State ex rel. Weber v. Register, 67 So.2d 619 (Fla.1953); Oxley v. Zmistowski, 128 So.2d 186 (D.C.A.Fla.1961). See also Mullenax v. Lighthouse Realty Corp. of Port Charlotte, 402 S.W.2d 437 (Ky.App.1966). Yet the plaintiff’s cause of action must “arise[ing] out of any transaction or operation connected with or incidental to” such business or business venture. § 47.16, Fla.Stats., F.S.A.; James v. Kush, 157 So.2d 203 (D.C.A.Fla.1963). Compare, Toffel v. Baugher, 125 So.2d 321 (D.C.A.Fla.1960).
*702 Plaintiff’s complaint alleges, in paragraph S, that “ * * * during the time in which defendants were engaging in the real estate transactions set forth in paragraph four, Count 1 * * * ” they placed the subject property for sale. This does not allege that defendants’ actions described in paragraph 5 were in any way connected with or arose out of the activities described in paragraph 4. This defect is not cured by any other allegations of the complaint, the allegation of paragraph 6 being merely a conclusion of law. Therefore the trial court should have dismissed plaintiff’s complaint with leave to amend.
The order of the trial court denying defendants’ motion to dismiss is reversed, and the cause remanded for the entry of an order dismissing plaintiff’s complaint with leave to amend and other appropriate proceedings.
SHANNON, Acting C. J., and HOB-SON, J., concur.