HENDRY, Judge.
This is an interlocutory appeal taken by the defendant below to review an order of the trial court which denied defendant’s motion to dismiss for lack of jurisdiction over the person, and also denied defendant’s motion to quash service of process. The action arose from a personal injury allegedly incurred by the plaintiff on the premises of the defendant’s store. The plaintiff’s amended complaint alleged solely that on June 3, 1965, the appellant operated a department store in Dade County, Florida, and plaintiff was injured in said store on that date.
Suit was instituted in May, 1968. A summons was issued against the appellant with directions to the sheriff to serve the Secretary of State of Florida, as appellant’s substitute agent for service. The record also shows an affidavit filed by plaintiff attesting to the fact that service was made upon the appellant pursuant to § 47.30, Fla.Stat., F.S.A. (now § 48.161, Fla.Stat.1967, F.S.A.).
Masters, Inc., responded by filing a timely motion to quash service of process and motion to dismiss. ' These motions were based on an affidavit from the defendant stating essentially that Masters, Inc. did not do any business in Florida during 1968, nor did Masters, Inc. have agents, officers, employees or offices in the State of Florida during 1968.
Therefore the issue on appeal may be stated thusly: whether service of process on the Secretary of State, pursuant to § 48.181(1) Fla.Stat., F.S.A., is effective upon a foreign corporation which was doing business in the State during the time when the cause of action arose, but which did not maintain minimal business contacts within the state at the time of service of process? We must answer this question in the affirmative.
We have examined the authorities cited by the appellant and do not find them to be controlling on the instant facts. In R. L. Witters Associates, Inc. v. Ebsary Gypsum Company, 19 F.Supp. 646 (S.D.Fla.1937), the service of process which was quashed in that case was effected upon the defendant’s resident agent, who was appointed by the defendant corporation pursuant to the statute there in question, Ch. 11829, General Acts, Laws of Florida, 1927 Session. In Zucad Realty Corporation v. Sonz, Fla.App.1965, 179 So.2d 114, the issue before the court was the conclusiveness of the evidence relating to whether or not the defendant corporation, had, in fact, withdrawn from doing business in the state. Again, service was effected on the designated resident agent of the corporation.
As a second point on appeal, the appellant contends that there was insufficient supporting evidence, affidavits, or other testimony to overcome burden imposed upon a plaintiff’s seeking to serve process via the long-arm statute. However, the complaint coupled with the appellant’s own affidavit shows that the plaintiff’s allegation that the corporation was doing business at the time the cause of action arose was uncontroverted.
What we have in the present case is a situation wherein the defendant corporation has withdrawn from doing business in Florida, and has ceased to maintain minimum business contacts at a time after the cause of action arose. The “long-arm” statute, § 48.181(1), supra, was in full force and effect at the time of the injury. In this respect, the instant case differs from Heberle v. P. R. O. Liquidating Company, Fla.App.1966, 186 So.2d 280, wherein the cause of action arose before the effective date of the long-arm statute.
We therefore hold that the trial court’s order denying the appellant’s motion to quash was correct. Even though it had not been shown that the appellant deliberately withdrew from doing business in the state of Florida for the express pur *467 pose of defeating the instant law suit, it seems clear to us,, that the long-arm statute was intended to secure jurisdiction over foreign corporations which, at the-time the cause of action arose, were maintaining sufficient minimal business contact with the state. The mere fact that suit was not instituted during the period of the corporation’s business activities in this state "should not serve to defeat the plaintiff’s right to service upon the corporation under the statute.
Affirmed.