CHARLES CARROLL, Chief Judge
(dissenting).
I respectfully dissent. Chapter 613, Fla. Stat., F.S.A., which provides for foreign corporations to qualify to do business in this state, does not appear to contain an express provision or prescribed procedure for termination by the corporation of its qualification to do business in the state, or other form of notice of discontinuance of business.
In Zucad Realty Corporation v. Sonz, Fla.App.1965, 179 So.2d 114, substituted service on a foreign corporation which had qualified to do business in Florida was challenged on the ground that the corporation had withdrawn from business in the state. The opinion in that case recited that in support of that contention the defendant filed an affidavit stating “that it had surrendered its permit to do business and filed a Certificate of Withdrawal” with the Secretary of State, and had received a letter from the Secretary acknowledging receipt of withdrawal of the defendant corporation to do business in Florida.
In Zucad the objection to the service was denied on holding that the defendant’s affidavit and letter from the Secretary of State relating to its withdrawal “did not constitute sufficient evidence of a legal withdrawal from doing business in the State of Florida so as to invalidate the service of process.” From the dates involved, the disputed service appeared to 'have been made incident to a cause of action which arose while the defendant was doing business in Florida, but in a suit filed thereon after the date on which the defendant contended it had withdrawn from doing business in the state.
By rejecting the defendant’s contention in the Zucad case on the ground that the termination of doing business in Florida had not been sufficiently proved, the court in that case necessarily implied that if the defendant had established such fact the objection to service would have been entitled to be sustained. A similar result was reached in Chas. Wolff Packing Co. v. Field, S Cir.1928, 28 F.2d 604, holding such service proper in the absence of proof by the foreign corporation that it had ceased doing business in the state. There again the implication was that if such withdrawal had been shown, the substituted service would not be valid.
In my opinion, if the corporation is able to show it had ceased to do business prior to the commencement of the suit, and that its termination of doing business in the state was not effected for the purpose of hindering or defeating jurisdiction in such matter, it was not thereafter amenable to such substituted service. , See R. L. Witters Associates, Inc. v. Ebsary Gypsum Co., S.D., Fla.1937, 19 F.Supp. 646. The consent to such service which is imposed on a foreign corporation for doing business in Florida does not persist when the corporation no longer is doing business within the state. Yoder v. Nu-Enamel Corporation, 8 Cir.1941, 117 F.2d 488.