HUBBART, Judge.
This case is an action for negligence against certain non-residents of Florida. The trial court dismissed the complaint for lack of jurisdiction over the person and later denied the plaintiff leave to amend. The plaintiff appeals.
There are two issues raised by this appeal'. The first is whether a complaint alleging negligence in the maintenance of real property owned or otherwise lawfully *931 possessed in this state by a non-resident defendant pleads sufficient facts which, if true, would give the court personal jurisdiction over the defendant. If not, a second issue is presented as to whether the plaintiff should be given leave to amend his complaint to properly plead sufficient jurisdictional facts.
The plaintiff-appellant, Roberto Lopez, Jr., individually and through his father, sued the defendant-appellees, Francisco and Josefa La Fuente, in the Circuit Court of Dade County. The complaint sounded in negligence and alleged that the minor plaintiff fell and sustained injuries as an invitee of an apartment building, which property was “owned or controlled, or erected, or developed or managed, or maintained, or was the lessee of, or operated by the two non-resident defendants.
The defendants moved to dismiss the complaint on the ground that they were not doing business in Florida and were not amenable to process under the statutes employed by the plaintiff for accomplishing that purpose. Attached to the motion was an affidavit signed by the defendants stating that they sold the property in question on a date subsequent to the plaintiffs injury but prior to the filing of the plaintiff’s complaint. The trial court dismissed the complaint with prejudice. The plaintiff then filed a motion to set aside the order of dismissal on the ground that, among other things, the order did not give the plaintiff leave to amend his complaint. This motion was denied.
The trial court was clearly correct in dismissing the complaint for lack of jurisdiction over the person of the non-resident defendants. The complaint merely alleges that the plaintiff was injured on property owned or otherwise lawfully possessed by two non-resident defendants due to the defendants’ negligence. “The mere ownership and maintenance of real property [by a non-resident] does not constitute a ‘business’ or a ‘business venture’ within the meaning of § 47.16(1) [now 48.181(1)], Florida Statutes, F.S.A.” sufficient to acquire personal jurisdiction through substituted service of process over the non-resident. James v. Kush, 157 So.2d 203, 205 (Fla.2d DCA 1963). And where a complaint fails to allege sufficient facts to invoke personal jurisdiction over the defendant, the complaint may be properly dismissed. O’Connell v. Loach, 194 So.2d 700 (Fla.2d DCA 1967).
The plaintiffs contend that the defendants are amenable to suit by substituted service of process under Section 48.181(1), Florida Statutes (1975), because the accident in this case happened in an apartment building which the defendants operated for profit as lessors. The simple answer to that argument is that such facts are not alleged in the complaint. If they had been, a different issue would be presented.
The plaintiff, however, should have been given leave to amend his complaint to properly plead facts which, if true, would invoke personal jurisdiction over the nonresident defendants. Elmex Corp. v. Atlantic Federal Savings and Loan Assn. of Ft. Lauderdale, 325 So.2d 58 (Fla.4th DCA 1976). Fla.R.Civ.P. 1.190(a) provides for liberal amendments to pleadings and the Florida courts have long followed the, policy of allowing such amendments absent some abuse of the privilege, especially as to a first amendment where no responsive pleading has been filed. See e. g. Romish v. Albo, 291 So.2d 24 (Fla.3d DCA 1974); Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla.4th DCA 1971); Petterson v. Concrete Construction, Inc., 202 So.2d 191, 197 (Fla.4th DCA 1967); Hunter v. Fairmount House, Inc., 191 So.2d 92 (Fla.3d DCA 1966); Richards v. West, 110 So.2d 698 (Fla.1st DCA 1959); Fouts v. Margules, 98 So.2d 394 (Fla.3d DCA 1957).
The fact that the defendants may have divested themselves of the subject property prior to the filing of the complaint herein is of no moment since the crucial question is whether the defendants were amenable to suit in this state under Section 48.181(1) Florida Statutes (1975), at the time the cause of action arose. Masters, *932 Inc. v. Corley, 222 So.2d 465 (Fla.3d DCA 1969). We hold that the plaintiff should be given leave to amend his complaint to properly allege such a cause of action against the defendants. O’Connell v. Loach, 194 So.2d 700 (Fla.2d DCA 1967).
The order dismissing the plaintiff’s complaint is affirmed as to the dismissal and reversed to the extent that the dismissal was with prejudice. The plaintiff should be given leave to amend his complaint.
Affirmed in part; reversed in part.