353 So.2d 1269 (1978)
HOLIDAY INNS, INC., a Tennessee Corporation, and South Carolina Interstate Motel Enterprises, Inc., a South Carolina Corporation, Appellants,
v.
Jerry M. JAMISON, Appellee.
No. GG-276.
District Court of Appeal of Florida, First District.
January 20, 1978.
John J. Schickel of Cowles, Coker & Myers, Jacksonville, for appellants.
Geoffrey B. Dobson, St. Augustine, for appellee.
MILLS, Judge.
This is an interlocutory appeal from an order denying defendant Enterprises' amended motion to dismiss plaintiff Jamison's complaint. By his complaint, Jamison, a Florida resident, sought damages from Enterprises, a South Carolina corporation, for personal injuries he sustained at Enterprises' motel in South Carolina. Service of process on Enterprises was made under Section 48.181(1), Florida Statutes (1975). This section provides that a nonresident corporation who operates, conducts, engages in or carries on a business or business venture in this state constitutes the secretary of state as its agent for service of process in any action against it arising out of any transaction or operation connected with or incidental to the business or business venture. By its amended motion to dismiss, Enterprises challenged the sufficiency of the allegations of the complaint to support service of process on it under Section 48.181(1). Florida Statutes (1975). This section provides that a nonresident corporation who operates, conducts, engages in or carries on a business or business venture in this state constitutes the secretary of state as its agent for service of process in any action against it arising out of any transaction or operation connected with or incidental to the business venture. By its amended motion to dismiss, Enterprises challenged the sufficiency of the allegations *1270 of the complaint to support service of process on it under Section 48.181(1).
The pertinent allegations of the complaint are:
1. Enterprises is a South Carolina corporation doing business in Florida;
2. Enterprises is a franchisee of Inns, a Tennessee corporation;
3. Enterprises has participated in a program of advertising its facilities throughout Florida and has distributed or caused to be distributed from numerous locations within Florida, directories advertising its facilities located in Florence, South Carolina;
4. Enterprises has directly solicited residents of Florida to do business with it and has advertised or caused to be advertised through Inns, its willingness to accept reservations at numerous locations maintained by Inns, and has furnished residents of Florida confirmation of such reservations from such locations within Florida; and
5. Jamison, a Florida resident, while traveling through South Carolina, registered at the Florence, South Carolina, Holiday Inn, owned and operated by Enterprises. While entering the motel, Jamison slipped and fell, suffering injuries and damages.
A motion to dismiss for lack of jurisdiction over the person of the defendant admits all facts properly pleaded pertinent to the conduct and the activities of the defendant in the forum state. But, it constitutes an assertion that as a matter of law such facts are legally insufficient to demonstrate the applicability of the long-arm statute. Elmex Corp. v. Atlantic Federal Savings and Loan Association, 325 So.2d 58 (Fla. 4th DCA 1976).
Where process is served under Section 48.181(1), a complaint which fails to allege that a cause of action arises out of a transaction or operation connected with or incidental to the defendant's doing business or conducting a business venture within this state is insufficient and does not support personal jurisdiction over a non-resident defendant. O'Connell v. Loach, 194 So.2d 700 (Fla. 2d DCA 1967).
We doubt that the allegations regarding the advertising and solicitation activities of Enterprises are sufficient to show that it carries on a business or business venture in this state. See Reader's Digest Ass'n v. State ex rel. Conner, 251 So.2d 552 (Fla. 1st DCA 1971). But we have no doubt that the complaint is totally deficient in alleging that Jamison's injury and damages arose out of a transaction or operation connected with Enterprises' alleged doing business within our state. There is no allegation that Jamison's slip, fall and injury in Enterprises' motel in Florence, South Carolina, had any connection whatsoever with Enterprises' alleged advertising and solicitation activities in Florida. The trial court erred in denying Enterprises' motion to dismiss Jamison's complaint.
The contention of Inns that the trial court erred in denying its oral motion to dismiss for lack of jurisdiction over its person is without merit and does not warrant further discussion by us.
We reverse the trial court's order denying Enterprises' amended motion to dismiss and remand with directions to vacate the order and to enter an order granting the amended motion. We affirm the oral order of the trial court denying Inns' oral motion to dismiss.
McCORD, C.J., concurs.
BOYER, J., specially concurs.
*1271 BOYER, Judge, concurring specially.
I concur in the majority opinion. However, as we stated in American Baseball Cap, Inc. v. Duzinski, 308 So.2d 639 (Fla. App. 1st 1975), in my view appellee Jamison should be afforded a further opportunity to plead and seek service on Enterprises.