BASKIN, Judge.
We reverse the trial court’s dismissal of appellants’ action seeking injunctive relief to abate an alleged nuisance maintained by appellees. The injury complained of is overcrowding in a shopping plaza caused by lines of food stamp applicants. An injunction was requested pursuant to section 60.-05(1),[1] Florida Statutes (1979) and section 823.05,[2] Florida Statutes (1979).
We hold that the cause should not have been dismissed without affording appellants leave to amend. See Quinlan v. Mott, 375 So.2d 589 (Fla. 5th DCA 1979); Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425 (Fla. 2d DCA 1978); Lopez v. La Fuente, 343 So.2d 930 (Fla. 3d DCA 1977); Fla.R.Civ.Proc. 1.190. Cf. Shamhart v. Morrison Cafeteria Co., 159 Fla. 629, 32 So.2d 727 (Fla.1947) (plaintiff successfully demonstrated elements of nuisance; dismissal reversed).
Reversed and remanded for further proceedings.

. Section 60.05(1) states: “[A]ny citizen of the county may sue ... to enjoin the nuisance, the person or persons maintaining it, and the owner or agent of the building or ground on which the nuisance exists.

. Section 823.05 states: “[Wjhoever shall . . . maintain, own or lease any building . .. which tends to annoy the community ... shall be deemed guilty of maintaining a nuisance ... and the building . .. and contents are declared a nuisance.”