486 So.2d 940 (1986)
Frank DRAGO
v.
The HOME INSURANCE COMPANY.
No. CA 85 0014.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Foye L. Lowe, Jr., Baton Rouge, for plaintiff-appellant Frank Drago.
Michael J. Harig, Baton Rouge, for defendants-appellees Home Ins. Co. et al.
Before EDWARDS, LANIER and PONDER,[*] JJ.
*941 PONDER, Judge.
Plaintiff appeals dismissal of his tort action on defendants' declinatory exception pleading the objection of lack of personal jurisdiction. We affirm.
This is a suit for damages arising out of an alleged slip and fall accident at the Guildwood Inn located in Sarnia, Ontario Province, Canada, on June 18, 1983. Mr. Drago, 77 years of age, a resident and domiciliary of East Baton Rouge Parish both at the time of the accident and of the filing of suit, was a registered guest of the hotel. He filed suit in East Baton Rouge Parish against the Guildwood Inn, a Best Western Inn, its alleged owner, Sheldon Aaron, the inn's insurer, and Best Western.
The exception was supported by Aaron's affidavit which stated that: (1) Guildwood Inn is owned by a Canadian corporation; (2) Aaron, a resident and domiciliary of Ontario Province, is only a stockholder of the said company and not a controlling stockholder; (3) but is the President of the said company; (4) neither Aaron nor Guildwood Inn has or ever has had minimum contacts, business or transaction in or with the said State of Louisiana; (5) the Franchise Agreement between Best Western International, Inc. and Guildwood Inn was not executed in the State of Louisiana; (6) the policy of insurance obtained by the corporation was neither written nor delivered in Louisiana and no premium thereon was paid in Louisiana.
To support his assertion that Best Western solicited business on behalf of 2,800 Best Western facilities "in 1,950 cities worldwide," plaintiff-appellant offered in evidence photocopies of two pages of the "yellow pages" of the Baton Rouge telephone directory.

ASSIGNMENTS OF ERROR
Plaintiff assigns as error the trial court's holding that it lacked personal jurisdiction over any of the defendants and, in the alternative, its dismissing the suit without allowing amendments to the petition to remove the jurisdictional ground as a basis for objection.
Plaintiff-appellant contends that the filing of a "request for notice of trial date" on July 9, 1984 by attorneys for the insurer and Guildwood Inn constituted a general appearance and waiver of any objection they would otherwise have had. He cites La.C.C.P. art. 7 as authority for his assertion.
Defendants-appellees contend, on the other hand, that Article 7 explicitly requires a request of relief and excepts from implication of general appearance the enrollment of counsel.
Appellant has cited no case law, and we can find none, which supports his premise that the filing of a form "request for notice of trial date" is a pleading which seeks any relief and so constitutes a waiver. The request for notice was a means chosen to inform plaintiff and the court the identities of the attorneys who would be representing the interests of the named defendants. A common sense interpretation of the pleading is to equate it to the first exception stated in Article 7(A), i.e., entry of the name of an attorney as counsel of record.
Plaintiff asserts that personal jurisdiction exists as to Guildwood Inn, its insurer, and Mr. Aaron by virtue of our Direct Action Statute, La.R.S. 22:655, and our "Long Arm Statute," La.R.S. 13:3201. Mr. Drago fell while attempting to get out of the bathtub when the "grab bar" part of the soap dish, which he was holding onto for support, tore loose from the wall. Medical expenses at the hospital in Sarnia, Ontario, Canada totaled $142.79. Additionally, a variety of medical problems including pneumonia, circulatory deficiencies resulting in ulceration of the foot, bleeding ulcers and aggravation of pre-existing atherosclerosis and diabetes were directly caused by the fall and the cost of medical expenses incurred in Louisiana and Texas was $32,125.99. La.R.S. 13:3201 confers jurisdiction over a nonresident defendant when one of the jurisdictional bases therein specified is *942 found to be present and the cause of action sued upon arises from one of the enumerated bases. Cambre v. St. Paul Fire and Marine Insurance Co., 331 So.2d 585, 589 (La.App. 1st Cir.1976), writs denied, 334 So.2d 434 and 435. "One of these bases is the nonresident's ... (d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits any business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state."
Appellees Aaron and Guildwood Inn do not assert that jurisdiction over them could not be obtained under the Long Arm statute because Aaron is a resident and domiciliary of a foreign country and Guildwood Inn is owned by a corporation organized under the laws of the same foreign country. Thus, we are not required to determine whether Louisiana's Long Arm statute can confer personal jurisdiction over residents and domiciliaries of a foreign country if the constitutionally required "minimum contacts" test is met. See 16D, C.J.S., Constitutional Law, § 1159, n. 83, p. 61.
Soileau v. Evangeline Farmer's Co-op, 386 So.2d 179 (La.App. 3d Cir.1980), reiterated that "In order for the proper exercise of jurisdiction in personam over a non-resident there must be sufficient minimum contacts between the non-resident defendant and the forum state to satisfy due process and traditional notions of fair play and substantial justice," as required by cited Supreme Court jurisprudence. Whether a particular defendant has sufficient minimum contacts with Louisiana is to be determined from the facts and circumstances of each case. Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Co., 283 So.2d 687 (La.1973); O'Reilly v. Prat's Travel Agency, Inc., 457 So.2d 24 (La.App. 4th Cir.1984), writ denied, 461 So.2d 319.
We agree with the trial court that there are insufficient contacts for the assertion of "Long Arm" jurisdiction over Guildwood Inn, Sheldon Aaron, and Best Western International, Inc.
The Home Insurance Company would be amenable to the jurisdiction of Louisiana courts if all the requirements of the Direct Action statute are met. In Cambre, supra, we rejected as unsound the argument that "the corrective surgery and treatment performed and administered in" Louisiana is "injury" within contemplation of § 655. The medical problems listed by plaintiff cannot be regarded as "injury or damage in this state" within contemplation of La.R.S. 13:3201(d) or "injury" within contemplation of La.R.S. 22:655. There is no causal nexus between any advertising by Best Western in Louisiana and the alleged tort in Canada. This is an additional reason Louisiana courts do not have personal jurisdiction. Robinson v. Vanguard Ins. Co., 468 So.2d 1360 (La.App. 1st Cir.1985), writs denied, 472 So.2d 34 (La.1985) and 472 So.2d 924 (La.1985), reconsideration not considered, 474 So.2d 1298 (La.1985).
We therefore hold that Louisiana courts cannot exercise personal jurisdiction over any of the defendants.
Appellant's alternative assignment of error is also without merit. We know of no way to cure, by amendment of the petition, personal jurisdiction deficiencies if the constitutionally mandated minimum contacts requirement is not present as to Guildwood Inn, Mr. Aaron, and Best Western International, Inc. Likewise, we know of no way to obliterate, by amendment, the fact that the accident occurred outside of Louisiana.
For the reasons assigned, the judgment maintaining the declinatory exceptions pleading the objection of lack of personal jurisdiction is affirmed, at plaintiff-appellant's cost.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, Retired, appointed to hear appeals vice Judge John S. Covington, temporarily assigned to the Twenty-Fifth Judicial District Court.