(No. 60781.—

THE PEOPLE *ex rel.* MELODY MANGOLD, Appellant,
v. DAVID FLIEGER, Appellee.

*Opinion filed May 24, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and Bruce W. Black, State's Attorney, of Pekin, (Jill Wine-Banks, Solicitor General, and Mark L. Rotert and Scott Graham, Assistant Attorneys General, of Chicago, and John X. Breslin and Gerry R. Arnold, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for appellant.

Donald K. Birner, of Pekin, for appellee.

JUSTICE RYAN delivered the opinion of the court:

This is a paternity action brought against the defendant, David Flieger, pursuant to the provisions of the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1354). The complaint was filed in Tazewell County, where the mother and the child now reside. The defendant resides in Colorado and was served with process in that State. He filed a special limited appearance challenging the jurisdiction of the Illinois court and moved to quash service of process. The circuit court denied the motion to quash but certified the issue for interlocutory appeal pursuant to our Rule 308 (87 Ill. 2d R. 308). The appellate court reversed the ruling of the circuit court and held that the Illinois court's exercise of jurisdiction over the defendant was improper because of a lack of minimum contact between the defendant and Illinois. (125 Ill. App. 3d 604.) We granted leave to appeal. We now affirm the

decision of the appellate court.

In her complaint the mother states that she and the defendant engaged in sexual intercourse during a two-month period while in New Jersey. The child was born in New Jersey approximately nine months later. The mother and child have since moved to Illinois. The complaint shows that the defendant paid $200 toward the support of the child approximately one month before the filing of the action.

The defendant filed an affidavit in support of his motion to quash, stating that he is not a resident of Illinois and has never resided in Illinois. The affidavit also states that the defendant has not paid any support to the mother while she has resided in Illinois.

The State argues that the circuit court's exercise of jurisdiction over the defendant was proper pursuant to the Illinois' "long arm" statute (Ill. Rev. Stat. 1983, ch. 110, par. 2—209). The long-arm statute provides in pertinent part:

> "(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> ***
>
> (2) The commission of a tortious act within this State."

The State, citing *Poindexter v. Willis* (1967), 87 Ill. App. 2d 213, contends that the defendant's failure to support his alleged child constitutes "the commission of a tortious act" in Illinois within the meaning of the long-arm statute.

For the purpose of this appeal we need not decide whether a failure to support constitutes "the commission

of a tortious act." The fact that a defendant's acts fall within the terms of the long-arm statute does not necessarily mean the exercise of jurisdiction over him is proper. Rather, the exercise of jurisdiction must be consistent with due process, and in this case it is not. See *Boyer v. Boyer* (1978), 73 Ill. 2d 331, 340-41.

Due process requires that a nonresident defendant have certain minimum contact with the forum State such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) An essential criterion of jurisdiction is whether the quality and nature of the defendant's acts are such that it is reasonable and fair to require him to conduct his defense in the forum State. *Kulko v. California* (1978), 436 U.S. 84, 92, 56 L. Ed. 2d 132, 141, 98 S. Ct. 1690, 1696-97.

In *Boyer v. Boyer* (1978), 73 Ill. 2d 331, this court was presented with a factual situation similar to that in the present case. In *Boyer* the nonresident defendant's ex-wife filed suit in the circuit court of Madison County to enroll and modify her Georgia divorce decree and to collect arrearages in child support and maintenance payments due under the decree. The couple was living in Georgia at the time of the divorce, and the wife thereafter moved to Illinois. The husband was still a resident of Georgia and was served with process in that State. He filed a special limited appearance in Illinois challenging the jurisdiction of the Illinois court and moved to quash service of process.

The wife in *Boyer* argued, as does the State in the present case, that the husband's failure to support the family pursuant to the divorce decree constituted "the commission of a tortious act within this State" within the meaning of the long-arm statute. In *Boyer*, as in the present case, this court declined to rule on the long-arm

issue because it found that the defendant lacked sufficient minimum contact with Illinois to make the exercise of jurisdiction over him consistent with due process. In holding that the husband lacked the requisite minimum contact this court stated that "the quality and nature of the defendant's activities in Illinois were not such that it would be reasonable and fair to require him to conduct his defense here." *Boyer v. Boyer* (1978), 73 Ill. 2d 331, 340.

In the present case, as in *Boyer*, the defendant's activities are not such that it would be fair and reasonable to require him to defend an action here. The defendant's only contact with Illinois is that the child he allegedly fathered and its mother now reside in Illinois. The State argues that we should assume that the support payment made a month before the complaint was filed was made while the mother and child were residing in Illinois, although the complaint does not allege as such. We do not feel that the sending of a support payment into Illinois is sufficient to make the exercise of jurisdiction over the defendant proper.

The State argues that the *Boyer* decision is inapplicable to the present case because the plaintiff in *Boyer* could proceed against the nonresident defendant pursuant to the Revised Uniform Reciprocal Enforcement of Support Act. (See Ill. Rev. Stat. 1981, ch. 40, par. 1201 *et seq.*) In *Boyer* this court pointed out that the plaintiff was "not left at a severe disadvantage" by our ruling because she could proceed under the Revised Uniform Reciprocal Enforcement of Support Act. (*Boyer v. Boyer* (1978), 73 Ill. 2d 331, 341.) The acknowledgment of this fact, however, does not mean that this court was deciding the case on the basis of who would be placed at a greater disadvantage by our decision. Rather, the case was decided by the traditional rules of due process. As stated in *Boyer*:

"[A]n orderly and fair administration of the law requires protection against being compelled to answer claims brought in distant States with which the defendant has little or no association, and in which he would be faced with an undue burden in making his defense, keeping in mind that lawsuits can be brought on frivolous demands and groundless claims. It should not lie within the choice of the plaintiff to engage in 'forum shopping,' nor should the defendant be required to defend in any and all jurisdictions wherein the wife may choose to maintain her action." *Boyer v. Boyer* (1978), 73 Ill. 2d 331, 341.

The reasoning of the *Boyer* decision is applicable to the present case. The circuit court's exercise of jurisdiction was improper because the defendant lacks sufficient minimum contacts within Illinois to make it fair and reasonable to require him to defend the action here. Thus, the appellate court was correct in reversing the circuit court's denial of the defendant's motion to quash service of process.

For the reasons stated herein, the decision of the appellate court reversing the trial court's denial of the motion to quash is affirmed.

*Judgment affirmed.*