HELLER FINANCIAL, INC., Plaintiff, v. CONAGRA, INC., Defendant and Third–Party Plaintiff-Appellant (John L. Sullivan *et al.*, Third-Party Defendants; James A. Lee *et al.*, Third–Party Defendants-Appellees).

First District (3rd Division)   No. 86—1787

Opinion filed January 27, 1988.

McGrath, North, O'Malley & Kratz, P.C., of Omaha, Nebraska, and Abramson & Fox, of Chicago (William F. Hargens and Matthew J. Iverson, of counsel), for appellant.

No brief filed for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Third-party plaintiff, Conagra, Inc. (Conagra), a Delaware corporation, appeals from the circuit court of Cook County's grant of the motion of third-party defendants, James and Glenda Lee (the Lees), pursuant to their special and limited appearance, to quash service of process upon them and to dismiss the third-party complaint against them.

The underlying action of plaintiff, Heller Financial, Inc., also a Delaware corporation, alleged, *inter alia*, that: (1) pursuant to a loan and security agreement with Seco, Inc. (Seco), a Georgia corporation engaged in the manufacture and sale of fertilizer, it had obtained an assignment of, and security interest in, Seco's accounts and inventory; (2) Conagra, by and through an unincorporated division, AgriBasics Company, executed and delivered to plaintiff an unconditional guarantee of payment to plaintiff of the invoices for Conagra's purchases from Seco to induce plaintiff to finance Seco; and (3) there was due and owing from Conagra to plaintiff $1,696,639.11 under Conagra's guarantee. Plaintiff sought, *inter alia*, recovery of that amount from Conagra.

In their motion, the Lees alleged that: (1) they were residents and

domiciliaries of Texas; (2) Conagra had caused summons to issue to them in Texas; (3) Conagra had not asserted that the Lees ever transacted any business in Illinois or that they had executed in Illinois the guarantee to Conagra upon which it based its third-party action against them; (4) Conagra's third-party complaint alleged no facts permitting the conclusion that it had met the requirements of section 2—209 of the Civil Practice Law (the long-arm statute) (Ill. Rev. Stat. 1985, ch. 110, par. 2—209); (5) the guarantee to Conagra was executed in Houston, Texas, related to the obligations of Seco, of Columbus, Ohio, and was delivered to Conagra, a Delaware corporation with its principal place of business in Omaha, Nebraska; and (6) the Lees, being nonresidents of Illinois and never having committed any act subjecting them to the jurisdiction of Illinois courts, were immune from process outside of Illinois, and the exercise of jurisdiction over them by the circuit court of Cook County, Illinois, would deny them due process.

Preliminarily, we note that the Lees have not filed a brief with this court. However, as the record herein is simple and as we easily may decide Conagra's claim of error without the aid of an appellee's brief, we may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Conagra contends that the trial court erred in granting the Lees' motion. Conagra asserts that the Lees submitted to the *in personam* jurisdiction of Illinois courts in that, as required under Illinois' long-arm statute, they transacted business in Illinois and its cause of action against them arose from that transaction of business. Specifically, Conagra asserts that James Lee transacted business in Illinois when he came here in July 1984 for two days to negotiate his acquisition of a 50% interest in Seco "with representatives of Seco, Union Bank of Streator, Illinois, and Heller Financial Company in Chicago, Illinois." In view of our disposition of this appeal, we need not decide whether the acts of James Lee while in Illinois in July 1984 constituted the transaction of business such as to subject him to the personal jurisdiction of the courts of Illinois.

■ Under the Illinois long-arm statute, a person submits to the jurisdiction of Illinois courts as to any cause of action arising from certain acts performed in Illinois, including the transaction of any business within the State. When so submitting to the jurisdiction of Illinois courts, a person may be personally served with process outside the State and such service has the same force and effect as though made within Illinois. (Ill. Rev. Stat. 1985, ch. 110, par. 2—209(a).) In

addition, the exercise of jurisdiction over a party must be consistent with due process, *i.e.*, a nonresident must have "certain minimum contact with the forum State such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *People ex rel. Mangold v. Flieger* (1985), 106 Ill. 2d 546, 550, 478 N.E.2d 1366, quoting *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.

A plaintiff asserting the existence of personal jurisdiction over a nonresident defendant must satisfy the minimum contact requirements of the statute and due process and must also demonstrate that the cause of action arose from the jurisdictional acts of the defendant. (*Johnston v. United Presbyterian Church in the United States of America, Inc.* (1981), 103 Ill. App. 3d 869, 431 N.E.2d 1275.) That is, a plaintiff must allege facts in the complaint upon which to base jurisdiction over a nonresident defendant under the long-arm statute. As such, we must first examine Conagra's third-party complaint to determine whether it has made a *prima facie* showing of jurisdiction. *Bobka v. Cook County Hospital* (1983), 117 Ill. App. 3d 359, 360-61, 453 N.E.2d 828.

In its third-party complaint against the Lees, Conagra alleged, in pertinent part, that: (1) it is a Delaware corporation, with its principal place of business in Omaha, Nebraska; (2) the Lees are residents of Houston, Texas; (3) Seco was engaged in the manufacture and sale of fertilizer at a plant in Streator, Illinois; (4) the Lees executed and delivered to Conagra a guarantee agreement whereby they guaranteed all of Seco's indebtedness to Conagra; and (5) if Conagra is found liable to plaintiff by virtue of its guarantee, Conagra is entitled to judgment over against the Lees pursuant to their guarantee to Conagra.

Examination of Conagra's third-party complaint reveals that it is wholly devoid of any allegations of fact upon which an Illinois court could base personal jurisdiction over the Lees. Conagra asserted in the trial court and asserts on appeal that James Lee's activities in Illinois in July 1984 constituted the transaction of business for purposes of the exercise of long-arm jurisdiction over the Lees. However, it wholly failed to include any allegations of those, or any similar, activities in its third-party complaint. This failure is fatal to Conagra's right to maintain its third-party action against the Lees. As stated in *Koplin v. Saul Lerner Co.* (1964), 52 Ill. App. 2d 97, 104, 201 N.E.2d 763:

> "A court need not determine the merits of a cause of action before ascertaining whether it has jurisdiction—it is sufficient if the allegations of the complaint would, if proved, support the

action. [Citation.] *However, a court cannot assert jurisdiction without the allegation of facts which show that it has jurisdiction."* (Emphasis added.)

We thus conclude that Conagra's complaint did not make the necessary *prima facie* showing of *in personam* jurisdiction over the Lees and that its reliance on James Lee's deposition testimony to show his transaction of business in Illinois is unavailing to it. As such, the trial court properly granted the motion to quash service of process and to dismiss the complaint against the Lees.

■■ ■ Because Conagra's complaint wholly lacks the necessary allegations of jurisdictional facts, the rule that we must accept as true all undenied well-pleaded allegations in the complaint and resolve all factual disputes in plaintiff's favor (*Wiles v. Morita Iron Works Co.* (1987), 152 Ill. App. 3d 782, 784, 504 N.E.2d 942) is unavailing to Conagra. Finally, we note that the Lees did not file affidavits in support of their motion. Construing a motion to dismiss for improper jurisdiction as brought under now section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), the court in *Doolin v. K-S Telegage Co.* (1979), 75 Ill. App. 3d 25, 29, 393 N.E.2d 556, held that, "premised as it is on a matter which does not appear on the face of the complaint," such a motion must be accompanied by a supporting affidavit. However, *Doolin* is not controlling here. Although not so labeled, the Lees' motion was more in the nature of a motion under section 2—619 of the Civil Practice Law to dismiss the third-party complaint on grounds appearing on its face. As such, it need not have been supported by affidavit (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)) and that omission by the Lees is also unavailing to Conagra.

For all the foregoing reasons, the order of the circuit court of Cook County quashing service of process on third-party defendants, James and Glenda Lee, and dismissing the third-party action of Conagra, Inc., against James and Glenda Lee, is affirmed in its entirety.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.