MARY K. BREESE, as Parent and Guardian on behalf of Sean M. Breese, a Minor, Plaintiff-Appellee, v. JOHN C. DEWEY, Defendant-Appellant.

Fourth District   No. 4—91—0323

Opinion filed December 19, 1991.

Jeffrey L. Fehrenbacher, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Lorette M. Pionke, Assistant State's Attorney, of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

The plaintiff filed an action under the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*) requesting a finding of paternity; reasonable amounts for the continuing support, maintenance, education, and welfare of the minor, Sean M. Breese; and reimbursement for costs incurred in connection with his birth. The trial court entered a summary judgment of paternity upon the motion of plaintiff, finding the defendant, John C. Dewey, to be the father of Sean M. Breese. The defendant appeals from the trial court's order granting summary judgment.

The plaintiff, in her motion for summary judgment, compiled an impressive amount of evidence to support her motion, to wit:

(1) A blood test which shows the statistical probability of paternity for John C. Dewey to be 99.99% and the accompanying affidavit of the performing doctor.

(2) The plaintiff's uncontradicted statement that she had sexual intercourse with no man other than the defendant during the probable period of conception.

(3) A document which appears to be signed by both parties and names John C. Dewey as the father of Sean M. Breese.

(4) The defendant's admission that he had sexual intercourse with the plaintiff approximately once per month over a 10-year period, although the defendant could not recall specifically whether he had sexual intercourse with the plaintiff during the probable period of conception.

In opposition, the defendant has only directly contested the issue of paternity. To all other relevant questions, the defendant states in various pleadings that he cannot recall or has insufficient knowledge to answer. The defendant at no time offered a scintilla of *evidence* by opposing affidavits or other pleadings and proof which would present the trial court with a genuine issue of material fact.

■ A motion for summary judgment should only be granted when the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); see also *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) While the use of the summary judgment procedure is to be encouraged as an aid in the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is clear and free from doubt. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.) In deciding whether to grant summary judgment, a court shall construe the pleadings, affidavits, depositions, admissions, and exhibits strictly against the movant and liberally in favor of the opponent. *Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.

■ The defendant asserts that several issues exist for the trier of fact to determine. Among these are the qualifications of the expert and the validity of the chain of custody of the blood test evidence. However, the defendant fails to present any evidence or to controvert plaintiff's allegations in any meaningful way which would support the existence of an issue. Mere conjecture on the part of the defendant will not be sufficient to create a question of fact absent any corroborating evidence by affidavit or deposition testimony.

The defendant primarily relies upon the decisions of the First District Appellate Court in *Daubach v. Ishihara* (1981), 103 Ill. App. 3d 750, 431 N.E.2d 1183, and the Fifth District Appellate Court in *In re Paternity of Smith* (1989), 179 Ill. App. 3d 473, 534 N.E.2d 669. However, we find both cases distinguishable. In *Daubach*, for example, defendant denied several relevant allegations by plaintiff, including her assertion that she had not socialized with any man other than defendant during the period of conception, as well as denying being the father of the child. In *Smith*, the petitioner had named someone else as the father of the child on several occasions, was married to another at the time of conception and had her husband's name placed on the child's birth certificate, and admitted she had engaged in sexual intercourse with three men (other than respondent) in the year the child was conceived. In addition, respondent's cousin executed an affidavit stating he had received a letter from a person purporting to be the child, claiming he was her father. A paternity-testing supervisor testified by deposition that while the blood test would have excluded 99.94% of falsely accused men, it would have failed to exclude at least 20,000 men in the United States, only one of whom would not be falsely accused.

This court recognizes the drastic nature of a summary judgment order, especially in a paternity case where the credibility of the witnesses can be crucial. However, this does not relieve the defendant of his obligation to counter the plaintiff's evidence so that an issue remains for the court to determine. Memory lapses and pleading "insufficient knowledge" will not create an issue of fact for the court to determine.

In the present case, the plaintiff had compiled a plethora of evidence supporting her motion for summary judgment which the defendant has not contradicted with any competent evidence of his own. Accordingly, the judgment of the circuit court is hereby affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.