THE PEOPLE *ex rel.* CAROLE STOCKWILL, Plaintiff-Appellee, v. THOMAS G. KELLER, Defendant-Appellant.

Fourth District   No. 4—92—0200

Opinion filed October 28, 1993.

Kristen H. Fischer, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Thomas P. Sweeney, Assistant State's Attorney, of counsel), for appellee.

JUSTICE COOK delivered the opinion of the court:

The State of Illinois, on behalf of Carole Stockwill, filed a paternity complaint against Thomas Keller on March 31, 1989. The circuit court of Champaign County granted the State's motion for summary judgment, and Keller appealed. We affirm.

When Keller denied paternity of Bailey M. Stockwill, born on November 7, 1988, blood tests were ordered. The blood test results indicated the probability of Keller's paternity was 99.84% with a combined paternity index of 625 to 1. On August 25, 1990, Keller answered interrogatories in which he admitted having a sexual relationship and living with Stockwill but maintained he could not remember the relevant dates. In the answers to interrogatories Keller did not specifically deny having sexual intercourse with Stockwill during the probable period of conception. He did deny paternity of Bailey, stating that he was sterile or impotent. On October 19, the State filed

a motion for finding facts and summary judgment in response to Keller's failure to respond to the State's requests to admit facts. In his subsequently filed answers to the requests, Keller specifically denied having intercourse with Stockwill during the entire three-month probable period of conception.

Keller then filed a third-party complaint, naming Carole's ex-husband, David Stockwill, as presumed father. The Stockwills were married during most of the probable period of conception. When David Stockwill underwent blood tests, the results excluded him as Bailey's biological father. The State later moved to amend its motion for summary judgment, requesting that David Stockwill's blood test results be considered.

On February 6, 1992, the trial court heard the motion for summary judgment and entered a judgment of parentage against Thomas Keller. An order for support was also entered, requiring child support of $34 per week, made retroactive to January 15, 1990, the date Keller was served with summons. The court determined an arrearage of $3,638 existed and ordered payments of $5 per week thereon. A notice of appeal was filed February 20, 1992. Appellant's brief, due May 28, 1992, was not filed until May 11, 1993.

■ Summary judgment may be granted on the issue of paternity in Illinois where a review of the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c); see also *Breese v. Dewey* (1991), 223 Ill. App. 3d 356, 357, 584 N.E.2d 924, 925.) Facts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavits are admitted and must be taken as true for purposes of the motion. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 241, 489 N.E.2d 867, 871-72.) It is no longer true that a slight amount of evidence will always be sufficient to raise a genuine issue of material fact, and thereby defeat the issuance of summary judgment. (*Benner v. Bell* (1992), 236 Ill. App. 3d 761, 768, 602 N.E.2d 896, 901.) Where the evidence before the court at the hearing for summary judgment would constitute all the evidence before the court at trial, and on that evidence the court would be required to direct a verdict, then summary judgment should be entered even though the evidence would otherwise raise a genuine issue of material fact. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500.) This court must resolve whether Stockwill's evidence "so overwhelmingly outweigh[s] the respondent's evidence in

rebuttal of the proposition that he fathered the child that paternity was not a genuine issue." *In re Paternity of Smith* (1989), 179 Ill. App. 3d 473, 476, 534 N.E.2d 669, 671.

It has been held that a court may not enter summary judgment against a putative father based exclusively on blood test results. (*Daubach v. Ishihara* (1981), 103 Ill. App. 3d 750, 755, 431 N.E.2d 1183, 1186.) The reason for this rule was that blood tests are tests of exclusion and "can only establish whether a putative father is *not* the father of a child." (Emphasis added.) (*Smith*, 179 Ill. App. 3d at 478, 534 N.E.2d at 672.) Modern blood tests are more sophisticated than those formerly used, and can identify many more blood characteristics than just types A, B, and O. (*People v. Stanley* (1993), 246 Ill. App. 3d 393, 399, 615 N.E.2d 1352, 1357.) With these many blood characteristics it is possible not only to positively exclude the tested individual as being the donor, but to establish that the chances of anyone else being the donor are extremely remote. (*Stanley*, 246 Ill. App. 3d at 400, 615 N.E.2d at 1358.) The blood tests in this case were of that type, with at least 16 blood systems identified. At any rate, in this case the blood test results were not the only evidence considered in the trial court's decision to grant summary judgment. The court also weighed Stockwill's sworn affidavit that Keller was the only man with whom she had had intercourse during the probable period of conception and the blood test results excluding David Stockwill as Bailey's biological father.

If the plaintiff in a paternity action is married during the probable period of conception, her husband is presumed to be the child's natural father. (Ill. Rev. Stat. 1991, ch. 40, par. 2505(a)(1).) That presumption is a very strong one, which may be rebutted only by clear and convincing evidence. (Ill. Rev. Stat. 1991, ch. 40, pars. 2505(a)(1), (b); *Smith*, 179 Ill. App. 3d at 477, 534 N.E.2d at 672.) Once the presumed father has been ruled out as actual father by the blood test results, "the question of paternity shall be resolved accordingly." (Ill. Rev. Stat. 1991, ch. 40, par. 2511(f)(1).) Once Stockwill was eliminated as Bailey's father, only Keller remained a possibility.

According to the Illinois Parentage Act of 1984 (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 2501 *et seq.*), as amended, when blood tests indicate the alleged father is not excluded and the combined paternity index is at least 500 to 1, a presumption arises that the alleged father is the biological father. (Ill. Rev. Stat. 1991, ch. 40, par. 2511(f)(4).) This presumption is justified by the capabilities of modern blood tests, as discussed in *Stanley*. (*Stanley*, 246 Ill. App. 3d at 399, 615 N.E.2d at 1358.) Keller's combined paternity index was 625 to 1.

The statutory presumption is rebuttable by clear and convincing evidence (Ill. Rev. Stat. 1991, ch. 40, par. 2511(f)(4)), but Keller failed to offer any meaningful rebuttal evidence.

In *Breese* (223 Ill. App. 3d at 357, 584 N.E.2d at 924), defendant's only defense was his continuing denial of paternity and his assertion that he could not recall or had insufficient knowledge to answer questions in the pleadings. In response *Breese* stated:

> "This court recognizes the drastic nature of a summary judgment order, especially in a paternity case where the credibility of the witnesses can be crucial. However, this does not relieve the defendant of his obligation to counter the plaintiff's evidence so that an issue remains for the court to determine. Memory lapses and pleading 'insufficient knowledge' will not create an issue of fact for the court to determine." *Breese*, 223 Ill. App. 3d at 358, 584 N.E.2d at 925.

Like the defendant in *Breese*, Keller "at no time offered a scintilla of *evidence* by opposing affidavits or other pleadings and proof which would present the trial court with a genuine issue of material fact." (Emphasis in original.) (*Breese*, 223 Ill. App. 3d at 357, 584 N.E.2d at 924.) Keller failed to challenge the probable period of conception; failed to rebut Carole's sworn affidavit that Keller was the only man with whom she had had intercourse during that period; failed to reconcile his own inconsistent statements regarding whether he engaged in sexual relations with Stockwill during that period; and failed to question the blood test experts and testing procedures. As proof of his sterility, Keller revealed he has lived with six other women, but "none became pregnant until one year or so after they moved away from me." We do not find this argument logically persuasive. "Mere conjecture on the part of the defendant will not be sufficient to create a question of fact absent any corroborating evidence by affidavit or deposition testimony." (*Breese*, 223 Ill. App. 3d at 357, 584 N.E.2d at 925.) The affidavits filed by the State established its right to summary judgment. Keller's denial that he was the father of the child arguably raised an issue of fact, but even considering that affidavit the evidence of Keller's paternity was so overwhelming that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) The trial court properly granted the State's motion for summary judgment.

The second ruling Keller appeals concerns the arrearage in support payments. "The court *shall* order all child support payments, determined in accordance with such guidelines, to commence with the date summons is served." (Emphasis added.) (Ill. Rev. Stat. 1991, ch.

40, par. 2514(b).) In *Carnes v. Dressen* (1991), 215 Ill. App. 3d 166, 171-72, 574 N.E.2d 845, 848, this court, in accordance with the Act, stated that child support must be made retroactive to the date summons was served. Here, the trial court properly made the child support retroactive to January 15, 1990.

For the above-stated reasons, we affirm the summary judgment of the circuit court of Champaign County.

Affirmed.

GREEN and LUND, JJ., concur.