THE PEOPLE *ex rel.* ELLA BLACK, as Parent and Guardian, on behalf of Michael Estock, a Minor, Plaintiff-Appellee, v. MICHAEL E. NEBY, Defendant-Appellant.

Fourth District   No. 4—93—0551

Argued May 18, 1994.—Opinion filed June 30, 1994.

COOK, J., concurring in part and dissenting in part.

Robert G. Kirchner (argued), of Lerner & Kirchner, of Champaign, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General (argued), of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

This is a cause of action brought under the Illinois Parentage Act of 1984 (Act) (750 ILCS 45/1 *et seq.* (West 1992)). The trial court entered summary judgment against defendant Michael E. Neby on the issue of paternity and ordered past and future child support payments. Defendant appeals.

I

●1 The first issue questions whether the complaint contained sufficient allegations to justify exercising Illinois jurisdiction over defendant, a resident of Minnesota. The amended complaint—filed by the Illinois Department of Public Aid, on relation of Ella Black, on behalf of the minor Michael Estock—states that defendant is the father and Ella Black is the mother of the minor and that the child was conceived in Illinois.

We now hold that sexual intercourse within Illinois is sufficient conduct within the State to confer jurisdiction over defendant under the provisions of the long-arm statute (735 ILCS 5/2—209(a)(6) (West 1992)) and that due process requirements have been met. See

*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158; *Kulko v. Superior Court* (1978), 436 U.S. 84, 92, 56 L. Ed. 2d 132, 141, 98 S. Ct. 1690, 1696-97; *People ex rel. Mangold v. Flieger* (1985), 106 Ill. 2d 546, 550, 478 N.E.2d 1366, 1367.

## II

●2 Defendant's second contention is based upon the fourth amendment's prohibition of unreasonable search and seizure. This right is discussed at length in *People v. Adams* (1992), 149 Ill. 2d 331, 597 N.E.2d 574. In *People ex rel. Aldworth v. Dutkanych* (1986), 112 Ill. 2d 505, 493 N.E.2d 1037, the right to require blood tests in paternity actions was recognized and the legislative interest in providing support from the natural parent of a child acknowledged. The threat to the participant in a blood test is insignificant. Where the mother of the child, as here, has sworn to respondent's paternity by complaint, affidavit, or testimony, the trial courts have reasonable grounds to order the test. Here, there was also evidence of sexual intercourse between the mother and defendant near the time of conception.

## III

●3 As his third issue, defendant contends the trial court erred in overruling his objection to the constitutionality of section 11(e) of the Act. That part of the Act provides, in relevant part, that the report of the blood tests prepared by the appointed expert shall be admitted at trial unless:

> "[A] written motion challenging the admissibility of the report is filed by either party within 28 days of receipt of the report, in which case expert testimony shall be required. Before trial, the court shall determine whether the motion is sufficient to deny admission of the report by verification. Failure to make that timely motion constitutes a waiver of the right to object to admission by verification and shall not be grounds for a continuance of the hearing to determine paternity." 750 ILCS 45/11(e) (West 1992).

Defendant argues he was denied an opportunity to challenge the expert's findings and opinions on cross-examination. Accordingly, his due-process rights under the United States and Illinois Constitutions were violated. Defendant acknowledges the provisions of section 11(e) of the Act, which involve admission of evidence at trial, do not directly pertain to a trial court's disposition of a case on a motion for summary judgment. Nor does defendant address the portion of the statute providing that the admissibility of the test reports *may* be

challenged by filing the appropriate motion within 28 days of receipt of the report.

The statute's provisions bear a reasonable relationship to the public interest, and the means adopted is a reasonable method of accomplishing the chosen objective. (*Crocker v. Finley* (1984), 99 Ill. 2d 444, 459 N.E.2d 1346.) Accordingly, a strong presumption attaches to legislative enactments such that all reasonable doubts must be resolved in the legislation's favor. (*Thillens, Inc. v. Morey* (1957), 11 Ill. 2d 579, 144 N.E.2d 735.) The 28-day limitation is reasonable.

## IV

●4 Defendant's fourth issue is the contention that the trial court should not have granted summary judgment. Summary judgment should only be granted when:

> "[T]he pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1992).

The information before the trial court indicated defendant had engaged in sexual intercourse with the child's mother. There was dispute about intercourse in September (the approximate time of conception), with defendant claiming he was not in Illinois at that time. However, an undisputed traffic ticket was issued to defendant in the Illinois city of the mother's residence during that month.

Section 11(f)(4) of the Act provides:

> "If the blood or tissue tests show that the alleged father is not excluded and combined paternity index is at least 500 to 1, the alleged father is presumed to be the father, and this evidence shall be admitted. This presumption may be rebutted by clear and convincing evidence." 750 ILCS 45/11(f)(4) (West 1992).

In the case at hand, defendant's combined paternity index was 2,348 to 1. Defendant did not present evidence which would justify, in light of plaintiff's evidence, a denial of the summary judgment. We find this case similar to that in *Breese v. Dewey* (1991), 223 Ill. App. 3d 356, 584 N.E.2d 924. See also *People ex rel. Stockwill v. Keller* (1993), 251 Ill. App. 3d 796, 623 N.E.2d 816.

## V

●5 We have carefully examined evidence presented to the trial court upon which both the past and current child support payments were ordered. Under section 14 of the Act (750 ILCS 45/14 (West 1992)), section 505 of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/505 (West 1992)) is to control all child support payments. The latter provision requires

following the guidelines "unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from the guidelines." (750 ILCS 5/505(a)(2) (West 1992).) That section requires express findings if there is deviation. 750 ILCS 5/505(a)(2) (West 1992).

As we understand section 505 of the Marriage Act, support payments, because of the required use of guidelines, must be based upon evidence, not speculation. We cannot find this necessary evidence in the transcripts of testimony or the exhibits. Adequate employment records and both Federal and State tax information are necessary. Our attempt to calculate the 20% child support payments has led to an amount less than that awarded by the trial court. We conclude the entire issue of child support should be returned to the trial court for an additional evidentiary hearing, where *both* sides present adequate evidence to the trial court.

We affirm the determination of parentage and the decision that child support be ordered back to the time of birth. We reverse and remand for an additional hearing on determination of all child support. We would expect counsel to present competent calculations of various deductions used to determine the base income upon which the 20% amount is calculated. Nothing in this order is intended to prevent deviation from guidelines based upon sound reasoning.

Affirmed in part; reversed in part and cause remanded.

STEIGMANN, J., concurs.

JUSTICE COOK, concurring in part and dissenting in part:
I agree with everything the majority has said and done except for the reversal in part and remand. I disagree with that portion of the opinion, for the reasons set out in my dissent in *People ex rel. Hines v. Hines* (1992), 236 Ill. App. 3d 739, 748-53, 602 N.E.2d 902, 909-12 (Cook, J., dissenting). Defendant should not be allowed to benefit on review from his failure to present evidence to the trial court. We should affirm unless defendant has convinced us the trial court was wrong. The fact that we do not understand how the trial court reached its decision does not mean the trial court was wrong.