Steve D. PARKER, Appellant,

v.

STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel. R.A.W., Appellee.

No. S–7793.

Supreme Court of Alaska.

June 12, 1998.

Brent A. Johnson, Anchorage, for Appellant.

Terisia K. Chleborad, Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

PER CURIAM.

Steve Parker, a resident of California, challenges the superior court's jurisdiction in an action seeking a judgment of paternity and child support. Parker was stationed in Ketchikan in 1978 while a member of the United States Coast Guard. During this time, he engaged in sexual intercourse with an Alaska resident. This contact resulted in the conception of a child, also an Alaska resident, for whom the State seeks the decree in this case. We hold that the trial court properly exercised personal jurisdiction over Parker.

Under the catch-all provision of our "long-arm" statute, AS 09.05.015(c),[1] personal jurisdiction may be exercised to the extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution.[2] *See Alaska Telecom, Inc. v.*

---

1. AS 09.05.105(c) provides: "The jurisdictional grounds stated in (a)(2)—(10) of this section are cumulative and in addition to any other grounds provided by the common law."

2. Parker argues that he is entitled to additional protection under the state constitution because it should be construed to afford him broader protection from suit than the federal constitution. We reject this and adhere to our view that the

*Schafer*, 888 P.2d 1296, 1299 (Alaska 1995). For the exercise of personal jurisdiction over a nonresident defendant to be constitutional, the defendant must have sufficient "minimum contacts" with the forum state so that maintaining a suit in the forum state "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

Jurisdiction is permissible over a nonresident defendant where his contacts with the forum are such that he could reasonably anticipate being haled into court in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.... [I]t is essential in each case that there be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State...."

*Puhlman v. Turner*, 874 P.2d 291, 293 (Alaska 1994) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). A nonresident defendant must have fair warning that his activities may foreseeably subject him to jurisdiction in Alaska. *See Washington Ins. Guar. Ass'n*, 922 P.2d at 240.

If the defendant's activities in the forum state are "continuous and systematic," the forum may assert "general jurisdiction" over the defendant, and the cause of action need not arise out of the contacts with the forum state. However, where the cause of action arises out of the contacts with the forum state, the court may have "specific jurisdiction," even where the defendant has only one contact with the forum state. *Alaska Telecom*, 888 P.2d at 1300.

reach of the long-arm statute is coextensive with the limits of due process under the Fourteenth Amendment. *See Washington Ins. Guar. Ass'n v. Ramsey*, 922 P.2d 237, 240 (Alaska 1996); *Alaska Telecom, Inc. v. Schafer*, 888 P.2d 1296, 1299

This case involves specific jurisdiction; the paternity action arises directly out of Parker's conduct in the state. In cases involving specific jurisdiction, "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries 'that arise out of or relate to' those activities," he should reasonably anticipate being haled into court in that forum. *Id.* (quoting *Rudzewicz*, 471 U.S. at 472, 105 S.Ct. 2174). Specific jurisdiction "is justified on the basis of the relationship among the defendant, the forum, and the litigation." *Glover v. Western Air Lines, Inc.*, 745 P.2d 1365, 1367 (Alaska 1987) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 & n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

Parker purposefully directed his activities at the mother of his child, resulting in the child's birth. A person engaging in sexual intercourse with a resident of Alaska while in Alaska should foresee the possibility that a child might be born and that a paternity and support action might be brought. A number of authorities support this view. *See, e.g., Bell v. Arnold*, 248 Ga. 9, 279 S.E.2d 449, 450 (1981); *People ex rel. Black v. Neby*, 265 Ill.App.3d 203, 202 Ill.Dec. 630, 638 N.E.2d 276, 277 (1994); *Larsen v. Scholl*, 296 N.W.2d 785, 790 (Iowa 1980); *Jones v. Chandler*, 592 So.2d 966, 972 (Miss.1991); *State, Dep't of Soc. Servs. v. Cummings*, 2 Neb. App. 820, 515 N.W.2d 680, 684 (1994). We therefore conclude that Parker had sufficient minimum contacts with Alaska.

Once minimum contacts are established, we must then decide whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *See American Nat'l Bank & Trust Co. v. International Seafoods of Alaska, Inc.*, 735 P.2d 747, 753 (Alaska 1987). Because Parker purposefully directed his activities at an Alaskan resident, he must demonstrate "compelling circumstances which render Alaska's exercise of jurisdiction ...

(Alaska 1995); *Glover v. Western Air Lines, Inc.*, 745 P.2d 1365, 1367 (Alaska 1987); *Volkswagenwerk, A.G. v. Klippan, GmbH*, 611 P.2d 498, 500 (Alaska 1980).

so unreasonable as to constitute a denial of due process." *Id.* at 754. However, Parker failed to demonstrate or argue any compelling interest against the exercise of personal jurisdiction both in the trial court and on appeal.[3]

We reject all of Parker's other arguments because they are dependent on his incorrect assertion that insufficient minimum contacts exist in this case. The judgment is AFFIRMED.

---

**3.** In his reply brief Parker raises for the first time the argument that Alaska would be an inconvenient forum. We reject this assertion because Parker fails to show that defense of the suit would be burdensome or that any witnesses or evidence are located in California. *Cf. Volkswagenwerk, A.G.,* 611 P.2d at 502 (holding that although "[i]nconvenience to at least some parties" would occur because "legal doctrine, documents, exhibits, witnesses, and counsel" from Germany and Alaska would be involved, exercise of personal jurisdiction would not violate due process). Further, the State has a fundamental interest as a matter of social policy in requiring parents to support their children. The child was conceived in Alaska and resides in Alaska. As the child's home state, Alaska has an interest in protecting the child.