FOURTH DIVISION

                                       September 24, 1998

No. 1-96-2713

SAMANTHA VILLAREAL, on behalf of ) APPEAL FROM THE

ELAMONZO VILLAREAL, a minor, ) CIRCUIT COURT OF

) COOK COUNTY

Plaintiff-Appellee, )

)

v. ) No. 94 D 651368

)

JUAN PEEBLES, ) HONORABLE DENNIS

) DOHM,

Defendant-Appellant. ) JUDGE PRESIDING.

JUSTICE McNAMARA delivered the opinion of the court:

This action was brought to establish the paternity of and support for plaintiff's minor child.  After a bench trial, the court entered an order finding defendant to be the natural father of the minor.  The trial court also entered orders of support and withholding.  Defendant appeals.  We affirm.  The relevant facts are as follows.

Plaintiff filed a "Complaint to Determine the Existence of the Father and Child Relationship" on November 29, 1994, naming defendant as the father of her child.  In it plaintiff alleged that she and defendant engaged in sexual intercourse in August of 1986, which resulted in the birth of her child, Elamonzo Villareal (Elamonzo) on May 11, 1987.

In accord with the trial court's April 7, 1995, order plaintiff, defendant and Elamonzo underwent blood tests in April 1995.  The blood tests, which used four DNA probes, were administered using a restricted fragment length polymorphlisis (RFLP) testing protocol.  The test resulted in a combined paternity index (CPI) of 2,582 to 1.  A paternity index is a probability number which represents the strength of the prediction that a particular man is actually the father.  The paternity test report was issued on May 10, 1995, and defendant received a copy on June 6, 1995.  Defendant filed a motion on February 1, 1996, pursuant to section 11(e) of the Illinois Parentage Act of 1984 (the Act)(750 ILCS 45/11(e)(West 1994)), challenging the admission of the blood testing report.  The trial court denied the motion, finding defendant's challenge to be untimely.  The test report was admitted into evidence.

Plaintiff testified that she met defendant in July 1986.  Defendant was driving a maroon Volvo and the parties exchanged phone numbers.  She testified that they first engaged in sexual intercourse two weeks later at the home of defendant's sister.  Plaintiff further testified that in July, August, and September 1986, she engaged in sexual intercourse with defendant and with no one else.  According to plaintiff, defendant admitted paternity to her and offered to pay $250 per month in child support.

Angelique Villareal, plaintiff's sister, testified that she saw the defendant driving a maroon Volvo in 1986.  She also testified that defendant had admitted paternity to her.

Laverne Livingston Williams (Livingston), defendant's sister, testified that she owned a brown or beige Volvo in 1986, but that she never allowed her brother to drive it.  She further asserted that she had never met plaintiff. 

Defendant testified that he met plaintiff on September 19, 1986, as he was walking home from work.  On one occasion they went to his sister's house to shoot pool.  Defendant testified that he saw plaintiff a total of about five times and that he never engaged in sexual intercourse with her.  He further testified that he never drove his sister's car.

Dr. Pravatchai Wang Boonlayangoor (Dr. Boon) testified as defendant's expert.  He opined that the DNA-RFLP testing protocol is misleading, although the majority of experts in the field consider it good and acceptable.  He asserted that the most reliable test would involve four to six DNA probes in addition to the 20-system classical testing protocol including ABO, serum protein enzymes, and HLA.  He further opined that the 500 to 1 presumption found in section 11(f) of the Act (750 ILCS 45/11(f)(West 1994)) was based on classical testing protocol, not RFLP testing protocol.  In his view, with the type of testing protocol used in this case, for a CPI to be significant it must be greater than 10,000.  Therefore, according to Dr. Boon, the CPI of 2,582 in this case was not significant.

On February 26, 1996, the court made a finding of paternity against the defendant.  Defendant filed a timely notice of appeal.  On June 2, 1997, defendant filed a notice pursuant to Supreme Court Rule 19 (134 Ill. 2d R. 19) with this court.  On July 10, 1997, this court granted the Attorney General's petition to intervene pursuant to Supreme Court Rule 19 (134 Ill. 2d R. 19).

On appeal defendant contends that: (1) section 11(f) of the  Act (750 ILCS 45/11 (West 1994)) is unconstitutional; (2) the trial court erred in entering a finding of paternity against the defendant because defendant rebutted the presumption of paternity found in section 11(f) of the Act (750 ILCS 45/11(f) (West 1994)); and (3) the trial court abused its discretion in not ordering plaintiff to produce the examining physician where defendant introduced expert scientific evidence contradicting the significance of the blood test results.

This case involves section 11(f)(4) of the Act (750 ILCS 45/11(f)(4)(West 1994)), which provides:

"(4) If the tests show that the alleged father is 

not excluded and that the combined paternity index is at least 500 to 1, the alleged father is presumed to be the father, and this evidence shall be admitted.  This 

presumption may be rebutted by clear and convincing 

evidence."

Defendant first contends that this section of the Act is unconstitutional because it declares a CPI of at least 500 to 1 to be "significant" regardless of the laboratory protocol used by the testing facility.  We find that this argument has been waived.

Our examination of the record indicates that neither this issue nor any similar issue was raised in the trial court.  Defendant did raise a constitutional issue regarding section 11(e) of the Act (750 ILCS 45/11(e)(West 1994)), arguing that the 28-day period in which to challenge the admissibility of a blood test report was unconstitutional because it denied defendant his right to confront witnesses.  However, the right to confront witnesses is a very different issue than the constitutionality of the CPI presumption in section 11(f) of the Act (750 ILCS 45/11(f)(West 1994)).  Constitutional issues not presented to the trial court are deemed waived and may not be raised for the first time on appeal.  
Saunders v. Michigan Avenue National Bank
, 278 Ill. App. 3d 307, 662 N.E.2d 602 (1996); 
Doe v. Lutz
, 253 Ill. App. 3d 59, 625 N.E.2d 325 (1993); 
In re Adoption of McFadyen
, 108 Ill. App. 3d 329, 438 N.E.2d 1362 (1982).

Furthermore, defendant has failed to comply with the requirements of Supreme Court Rule 19 (134 Ill. 2d R. 19), which requires that appropriate, timely notice be served on the Attorney General if an issue is to be raised regarding the constitutionality of a statute.  The notice must be served "at the time of suit, answer or counterclaim, if constitutionality is raised at that level, or 
promptly after the constitutional question arises
 as a result of a circuit or reviewing court ruling or judgement." (Emphasis added.)  134 Ill. 2d R. 19(b).   Failure to comply with the provisions of Supreme Court Rule 19 (134 Ill. 2d R. 19) results in waiver of the constitutional issue.  
Serafin v. Seith
, 284 Ill. App. 3d 577, 672 N.E.2d 302 (1996); 
Witt v. Jones & Jones Law Offices, P.C.
, 269 Ill. App. 3d 540, 646 N.E.2d 23 (1995).

In the present case defendant did serve the appropriate notice on the Attorney General. The question is whether defendant did so "promptly" after the constitutional question arose.  First we must determine when the constitutional question arose in this case.  To have standing to challenge the constitutionality of a statute, one must have sustained or 
be in immediate danger
 of sustaining a direct injury as a result of enforcement of the challenged statute.  
Messenger v. Edgar
, 157 Ill. 2d 162, 623 N.E.2d 310 (1993).  Standing must be defined on a case-by-case basis.  
Messenger
, 157 Ill. 2d at 171, 623 N.E.2d at 314.   Defendant was notified that the alleged unconstitutional statute would be used against him when the court denied his motion to challenge the admissibility of the blood test on February 16, 1996.  At that point defendant was in immediate danger of sustaining injury by enforcement of the statute.  Application of the section 11(f) presumption to him could result in a finding of paternity with its incumbent financial obligations.  Therefore, as of February 16, 1996, defendant had standing to challenge the constitutionality of section 11(f) of the Act (750 ILCS 45/11(f)(West 1994)) and the constitutional issue had arisen.  

Consequently, as of February 16, 1996, defendant was required to promptly notify the Attorney General of the constitutional challenge because defendant had been notified as a result of a circuit court ruling that section 11(f) of the Act (750 ILCS 45/11(f)(West 1994)) would be used against him.  However, defendant did not serve notice on the Attorney General until nearly 16 months later.  Surely a 16-month delay does not constitute prompt notice.  See 
People ex rel. Ward v. 1963 Cadillac Coupe
, 38 Ill. 2d 344, 231 N.E.2d 445 (1967)(delay of 3 1/2 months was "scarcely consistent" with a statute requiring the state's attorney to "promptly" exercise discretion).

We find that defendant's constitutional argument regarding section 11(f) of the Act (750 ILCS 45/11(f)(West 1994)) has been waived, as defendant failed to raise it in the trial court and failed to comply with the requirements of Supreme Court Rule 19 (134 Ill. 2d R. 19). 

The statutory presumption of paternity set up in section 11(f)(4) of the Act (750 ILCS 45/11(f)(4)(West 1994)) is rebuttable by clear and convincing evidence.  
People ex rel. Stockwill v. Keller
, 251 Ill. App. 3d 796, 623 N.E.2d 816 (1993); 
Department of Public Aid ex rel. Galbraith v. Jones
, 281 Ill. App. 3d 115, 666 N.E.2d 12 (1996).  Defendant contends that he met this burden and rebutted this presumption by "clear and convincing" evidence because at trial he presented uncontroverted live expert testimony that because of the testing protocol used in this case, a CPI of 10,000 to 1 should have been used rather than the statutory 500 to 1.  We disagree.

Dr. Boon, defendant's expert, testified that given the facts of this case, the statutory CPI of 500 to 1 was not significant. Rather, a CPI of 10,000 to 1 or greater would be significant in this case.  However, defendant offered no scientific support for Dr. Boon's assertion.  Defendant failed to cite a single scientific article or a single case supporting Dr. Boon's theory that DNA tests are only significant above 10,000 to 1.  Indeed, Dr. Boon admitted that the majority of experts in the field deem the DNA-RFLP blood test used in this case to be good and acceptable.  It appears that defendant is a lone voice in the woods.  The trial court is free to evaluate the expert evidence presented and accept or reject it in whole or in part.  
Prince v. Herrera
, 261 Ill. App. 3d 606, 633 N.E.2d 970 (1994).  The trial court need not accept the opinion of one expert, 
even where that expert's testimony is not directly countered by the expert opinion of another
.  
In re Marriage of Petraitis
, 263 Ill. App. 3d 1022, 636 N.E.2d 691 (1993).  The trial court heard Dr. Boon's testimony and decided to reject it as was its province.  

Aside from Dr. Boon's testimony, the only evidence offered by defendant to rebut the statutory presumption was defendant's own testimony that he did not ever engage in sexual intercourse with plaintiff and the testimony of defendant's sister that she never met plaintiff.  Unfortunately for defendant, this is not enough.  The plaintiff's testimony in a paternity case is not cancelled merely because the defendant denies that they engaged in sexual intercourse.  
People ex rel. Forrest v. Winston-Bey
, 252 Ill. App. 3d 924, 625 N.E.2d 708 (1993).  The defendant needs to produce some "hard" or genetic evidence to overcome the presumption of paternity.  See 
Department of Public Aid ex rel. Masinelli v.  Whitworth
, 273 Ill. App. 3d 156, 652 N.E.2d 458 (1995); 
Department of Public Aid ex rel. Galbraith v. Jones
, 281 Ill. App. 3d 115, 666 N.E.2d 12 (1996).

The holding in 
Galbraith
 is instructive:

"Here, respondent did present some rebuttal 

evidence generally denying paternity and indicating that Galbraith admitted having sexual relations with 

another man soon after the time of conception.   

Respondent's affidavit also indicated that Galbraith told him the father of the child was a man other than himself.  We do not deem this evidence to constitute the clear and convincing evidence necessary to rebut the presumption of paternity."  281 Ill. App. 3d at 120, 666 N.E.2d at 15.

Clearly, defendant's testimony that he did not engage in sexual intercourse with plaintiff and the testimony of defendant's sister that she had never met plaintiff did not constitute the clear and convincing evidence necessary to rebut the presumption of paternity.  Defendant did not present sufficient evidence to rebut the statutory presumption of paternity.     

Finally, we reject defendant's contention that the trial court erred in not ordering plaintiff to produce the examining physician (the physician who performed the blood test) pursuant to Supreme Court Rule 215(d)(4)(166 Ill. 2d R. 215), where defendant introduced expert scientific evidence contradicting the significance of the blood tests results.  Supreme Court Rule 215(d)(4)(166 Ill. 2d R. 215) provides that the court "may call" the examining physician to testify, not that the court must or shall call the examining physician to testify.  It is within the trial court's discretion.  

In the present case the court heard the testimony of Dr. Boon and chose to disregard it.  The defendant made no challenge to the test itself.  The CPI of 2,582 to 1 was greater than the 500 to 1 statutory CPI and, therefore, the presumption of paternity arose.  The trial court did not need the testimony of the examining physician.  We cannot say that the trial court abused its discretion.

Defendant had a number of options under section 11 of the

Act (750 ILCS 45/11(West 1994)).  Defendant could have filed a challenge to the admissibility of the blood test within 28 days of receipt of the report thereby making expert testimony mandatory, but he chose not to.
(footnote: 1)  Defendant could have undergone a second blood test, but he chose not to.  Defendant chose to try to rebut the blood test and statutory presumption with expert testimony.  The trial court was not persuaded by Dr. Boon's testimony.  This is a risk defendant took.

We find that the trial court did not abuse its discretion in not ordering plaintiff to produce the examining physician and the trial court did not err in entering a finding of paternity against the defendant.

Accordingly, for the reasons set forth above, the judgement of the circuit court of Cook County is affirmed.

Affirmed.

CERDA and WOLFSON, JJ., concur.

   

FOOTNOTES
1:     
 Defendant filed a motion to challenge the admission of the blood test report on February 1, 1996, eight months after receipt of the blood test report.